<div style="float:left">United States District Court<br>For the Northern District of California</div>

1
2
3
4
5
6  IN THE UNITED STATES DISTRICT COURT
7
8  FOR THE NORTHERN DISTRICT OF CALIFORNIA
9  RCMC, INC., also known as RAINBOW
   CONSTRUCTION,
10                                              No. C 06-00839 JSW
          Plaintiff,
11
     v.
12                                              **ORDER GRANTING MOTION
   WESTCHESTER SURPLUS LINES                    FOR LEAVE TO FILE THIRD
13 INSURANCE COMPANY, and DOES 1                AMENDED COMPLAINT AND
   through 20, inclusive,                       REMANDING CASE**
14
          Defendants.
15                                            /
16
17       Now before the Court is Plaintiff RCMC, Inc.'s motion for leave to amend their
18 complaint in this insurance dispute.  The Court finds the present motion suitable for resolution
19 without oral argument and hereby VACATES the proposed hearing date of July 28, 2006.  *See*
20 Civil Local Rule 7-1(b).  Having carefully considered the parties' arguments as presented in
   their papers and the relevant legal authority, the Court HEREBY GRANTS Plaintiff's motion.
21
         Among other, unopposed revisions, Plaintiff seeks leave to amend to add bad faith
22
   claims against its insurance broker, Keenan & Associates ("Keenan").  Because, as a California
23
   corporation, the addition of Keenan will destroy diversity and divest this Court of jurisdiction,
24
   Defendant Westchester Insurance Company ("Westchester") opposes the motion.
25
         If after removal the plaintiff seeks to join additional defendants whose joinder would
26
   destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand
27
   the action to state court.  *See* 28 U.S.C. § 1447(e).  Courts generally consider the following
28

factors when deciding whether to allow amendment to add non-diverse defendants: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). Because courts scrutinize amendment more closely when the amendment will defeat diversity, Plaintiff's straight-forward analysis for general amendment under Federal Rule of Civil Procedure 15(a) is incomplete. *See id.*

First, under Federal Rule of Civil Procedure 19(a), joinder of a party is required where its absence would preclude grant of complete relief, or where its absence would subject any of the parties to the danger of inconsistent obligations. Necessary parties have been described generally, however, as those "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (citing *Shields v. Barrow,* 58 U.S. 130, 139 (1855)). This standard is met when failure to join will lead to separate and redundant actions. *See id*. at 910. Although courts consider whether a party would meet the standard for a necessary party, amendment under 28 U.S.C. § 1447(a) is a less restrictive standard than for joinder under Federal Rule of Civil Procedure 19. *See IBC Aviation*, 125 F. Supp. 2d at 1011-12 (citing *Trotman v. United Parcel Service*, 1996 WL 428333, *1 (N.D. Cal. 1996)). Here, the Court finds that the addition of Keenan, whose alleged conduct was essential to the acquisition of the subject insurance policies and whose liability is associated with the respective liability of the two defendant insurance companies, will allow the Court to determine finally the entire controversy.

Second, although a state court action against Keenan might be possible, the parties do not brief whether such an action might be barred by the applicable statute of limitations, and

2

requiring Plaintiff to litigate the same issues in two forums would be a waste of judicial resources and would create an unnecessary risk of obtaining inconsistent results.

Third, although the Court has considered the delay in filing the motion for leave to amend, Plaintiff contends that it is only within the past 30 days that it was made aware of the potential liability of Keenan by taking part in a mediation in the related state court actions. Plaintiff promptly filed the current motion, on an expedited basis, and the Court finds that Plaintiff therefore acted in a timely fashion and did not unreasonably delay seeking amendment.

Fourth, the Court considers the motive for seeking joinder of an additional defendant and the suggestion by Westchester that Plaintiff seeks to add Keenan for the sole purpose of destroying diversity. The Court declines to impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal. The Court finds that Plaintiff's request to add Keenan as a defendant is reasonable and justifiable.

Fifth, the Court considers whether the claim sought to be added appears to be meritorious. *See, e.g., Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). The Court recognizes, and Westchester does not contest, that Plaintiff may have valid claims against Keenan. *See, e.g., Fitzpatrick v. Hayes*, 57 Cal. App. 4th 916, 927 (1997) (holding that client may have claim against insurance agent for failure to volunteer information about obtaining additional coverage under certain circumstances).

Finally, denial of the amendment would likely prejudice Plaintiff because it would require the filing of multiple and redundant litigation in two separate forums for claims arising out of the same legal issues and nucleus of facts. Allowing the amendment would not prejudice Westchester. The matter is still in the early stages of litigation, discovery has not formally begun, and Westchester does not contend that it will be unduly prejudiced by the amendment.

Based on the totality of all the relevant factors, and in its discretion, the Court finds Plaintiff's amendment is warranted as the claims against Keenan are directly related to the remainder of Plaintiff's claims, amendment would conserve judicial resources and reduce the risk of inconsistent results, the request was not unreasonably delayed, the claims against Keenan appear to be viable, and the amendment will not prejudice the parties. Therefore,

Plaintiff's motion for leave to file an amended complaint is GRANTED. The proposed Third Amended Complaint, attached to the Declaration of Adam R. Bernstein as Exhibit 1, is hereby deemed filed.

Under 28 U.S.C. § 1447(e), because the Court has permitted the joinder of the non-diverse defendant and finds itself without jurisdiction, it must remand to state court. *See Yniques v. Cabral*, 985 F.2d 1031, 1036 (9th Cir. 1993).

## CONCLUSION

The Court GRANTS Plaintiff's motion for leave to amend the complaint and remands the case back to state court. The case is remanded to the Superior Court for the County of Mendocina, Ukiah Branch. The Clerk shall close this Court's file.

**IT IS SO ORDERED.**

Dated: July 18, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE